IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EFS, INC., et al.,            )
                              )
    Plaintiffs,               )
                              )    No: 3:08-1003
         v.                   )    Judge Trauger
                              )
REGIONS BANK, as Successor in )
Interest by Merger to AmSouth )
Bank,                         )
                              )
    Defendant.                )

## MEMORANDUM AND ORDER

The ESF plaintiffs have filed their motion to compel defendant Regions Bank to respond further to certain written discovery (Docket Entry No. 120 in Case No. 3:08-0021).[1] Defendant Regions has responded in opposition (Docket Entry No. 129).

Plaintiffs' motion to compel has been referred to the undersigned Magistrate Judge for disposition (Docket Entry No. 122 in Case No. 3:08-0021). For reasons stated below, plaintiffs' motion to compel is **DENIED**.

### Statement of the Case

Plaintiffs employed Barry Stokes and his company, 1Point Solutions, LLC, to serve as third-party administrator for certain of plaintiffs' employee benefit plans and 401(k) retirement plans. Funds paid by plaintiffs to Stokes/1Point were deposited in

---

[1]The docket entry numbers in this memorandum and order refer to case number 3:08-0021, in which plaintiffs' motion to compel was filed.

accounts maintained by Stokes/1 Point at defendant Regions/AmSouth Bank.  In the fall of 2006, it was discovered that Stokes had stolen plaintiffs' money.  Stokes and 1Point later filed bankruptcy.

Plaintiffs in this action seek to recover from defendant Regions/AmSouth, alleging that the bank knew or should have known that Stokes was stealing plaintiffs' funds but failed to take reasonable steps to investigate and intervene.  Plaintiffs assert causes of action for aiding and abetting common law fraud and conversion, negligence and recklessness, unjust enrichment, and violations of the Tennessee Consumer Protection Act (Docket Entry No. 100).  In its order entered March 18, 2010 (Docket Entry No. 136), the Court dismissed all claims except those of plaintiffs Deborah Niedermeyer, Brian K. Allen and James Simpson.

### Plaintiffs' Motion to Compel

Plaintiffs in the instant motion seek an order requiring defendant Regions/AmSouth to make further response to certain requests for production of documents, interrogatories, and requests for admission.

**Request No. 16 of EFS Plaintiffs' First Discovery Requests**.
Request No. 16 reads as follows:

> 16. All policy or procedures manuals of defendant in effect during 2001-2006, inclusive, (including updates and amendments thereto) that addressed account procedures and/or issues regarding the opening of accounts; "know your customer"

2

obligations, anti-money laundering obligations; the monitoring of accounts or transactions to comply with federal law or to prevent suspicious or unlawful transactions; cash withdrawals from accounts; transfers between different accounts owned by a single customer; transfers out of accounts; overdrawn accounts; and/or the retention of documents.

Defendant Regions/AmSouth has objected to this request, as well as others, on the grounds that the information it seeks is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In support of this objection, the bank asserts that the federal statutes requiring the bank to maintain certain internal policies and procedures do not create private causes of action, and, therefore, the policies and procedures sought by this request are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case. In addition, defendant bank argues that the policies in question exist in order to promote the detection and deterrence of illegal activity. Given this purpose, the bank argues that production of these policies and procedures, even pursuant to a protective order, risks their becoming public and thereby jeopardizing their effectiveness.

Plaintiffs argue that the fact that the federal statutes requiring banks to maintain the subject policies and procedures do not create a private right of action is no defense to discovery (Docket Entry No. 120 at 6). Plaintiffs argue that the court can and should consider the bank's policies and procedures in

3

determining the scope of the bank's duty of reasonable care under their claim of common law negligence (Docket Entry No. 120 at 6-9).

The court, however, has previously determined that the general principles of negligence law are "irrelevant to this case," (Docket Entry No. 135 at 7) because Tennessee has adopted the Uniform Fiduciaries Act (UFA), which governs a bank's liability for the action of a fiduciary depositor. The court has found that the provisions of this act

> make it clear that a bank is liable to a principal for a fiduciary's illegal withdrawal or transfer of funds if, and only if, the bank had "actual knowledge" that the fiduciary was breaching his or her fiduciary duty or had "knowledge of such facts that its action . . . amounts to bad faith" Tenn. Code Ann. §§ 35-2-107, 35-2-109. Anything less is insufficient to support liability.

(Id. at 10).

The court has further found that "bad faith," as used in this statutory provision, means that "plaintiffs must show that the circumstances surrounding Stokes' and 1Point's transactions so clearly suggested a breach of fiduciary duty that Regions' failure to investigate was a conscious effort to avoid knowledge of Stokes' wrongdoing." (Id. at 13).

Given that common law negligence standards are supplanted in this case by the provisions of the Uniform Fiduciaries Act, the undersigned Magistrate Judge finds that the internal policies and procedures of Regions Bank that are the subject of request for production number 16 are neither relevant nor reasonably calculated

4

to lead to the discovery of admissible evidence in this case, and, therefore, that plaintiffs' motion to compel further responses to this request should be **DENIED**.

**<u>Interrogatory No. 6</u>**.

Plaintiffs' Interrogatory No. 6 reads as follows:

State the case name, court, court number, name of plaintiff's and defendant's counsel and current status or ultimate resolution of any other lawsuit in which defendant was alleged to have failed to monitor or discover unlawful activities in its accounts.

Defendant Regions/AmSouth has objected to this interrogatory on the ground that it is "overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence." In its response, defendant elaborates on this objection, explaining that the interrogatory is not limited in time, nor is the term "unlawful activities" defined to limit it to circumstances that are substantially similar to the type of fiduciary embezzlement committed by Barry Stokes and 1Point. For example, the bank asserts that the interrogatory as framed would require it to identify every case in which an account holder was alleged to have deposited a check containing a forged signature or forged endorsement.

Plaintiffs argue that evidence of "similar acts" has been deemed admissible to prove "knowledge, intent, motive, pattern of operation, or the absence of mistake." (Docket Entry No. 120 at 10). However, the cases cited by plaintiffs in support of this

5

argument involve allegations of intentional fraud by the defendants. In contrast, the gravamen of the plaintiffs' claim here is that the bank negligently and/or recklessly breached its duties of care by failing to monitor the activities of Barry Stokes and to intervene to stop his embezzlement of plaintiffs' funds. Therefore, the cases cited by plaintiffs supporting the admissibility of previous lawsuits against the bank are not persuasive here.

Moreover, as has been discussed in the preceding section of this memorandum, the Court has found that the Uniform Fiduciaries Act governs this case, and that traditional principles of negligence law are inapplicable. Given the statutory bases of liability of a bank under the Act, the undersigned Magistrate Judge finds that discovery of earlier lawsuits responsive to Interrogatory No. 6 is neither relevant nor reasonably calculated to lead to discovery of admissible evidence in this case. Therefore, plaintiffs' motion to compel a further response to Interrogatory No. 6 is **DENIED**.

**Request for Production of Documents No. 1 of Plaintiffs' Second Set Requests for Production**.

Request No. 1 of plaintiffs' second set of requests for production seeks production of the Statement of Facts filed as Exhibit A to the Deferred Prosecution Agreement filed on October 12, 2004, in the U.S. District Court for the Southern District of

Mississippi by the United States, AmSouth Bank and AmSouth
Bancorporation. It appears to the court that this statement of
facts appears in the record of Case No. 3:08-0021 as pages 10
through 20 of Docket Entry No. 99-4. Given that the requested
document is already part of the record in these consolidated cases,
the court finds that plaintiffs' motion to compel with respect to
request 1 of plaintiffs' second requests for production should be
**DENIED** as moot.

**Requests No. 2, 3, 4, 5 and 6 of Plaintiffs' Second Set of Requests for Production**.

Requests 2, 3, 4, 5 and 6 of plaintiffs' second set of
requests for production seek various documents generated in
connection with a Cease & Desist Order dated October 12, 2004,
between the Board of Governors of the Federal Reserve System,
AmSouth Bank and AmSouth Bancorporation and minutes of meetings of
the Bank's board of directors during 2001-06 that address the
Bank's obligations under federal statutes or regulations to monitor
or prevent suspicious activities or transactions in the Bank's
accounts.

Defendant Regions/AmSouth argues that the materials
sought in these five requests for production are neither relevant
nor reasonably calculated to lead to the discovery of admissible
evidence.

Plaintiffs adopt their arguments made in support of

7

request for production No. 16 discussed above, and state that the requested documents are relevant to their common law negligence claim because their contents can reasonably be expected to discuss policies or practices that evidence a reasonable standard of care for a bank.

As discussed above, however, since plaintiffs' motion to compel was filed, the court has found that the common law negligence standard of care is "irrelevant to this case," because Tennessee has adopted the Uniform Fiduciaries Act, which governs a bank's liability for the actions of a fiduciary depositor. Since a negligence standard of care has been found not to apply to this case, the undersigned Magistrate Judge finds that the documents and information sought by requests No. 2, 3, 4, 5 and 6 of plaintiffs' second set of requests for production are not relevant, nor are they reasonably calculated to lead to the discovery of admissible evidence. Accordingly, plaintiffs' motions to compel production of these documents should be **DENIED**.

### Requests for Admission

Plaintiffs seek an order overruling the objections of defendant Regions/AmSouth and compelling the bank to serve supplemental responses to requests for admissions numbered 1 through 50. These requests relate to the Deferred Prosecution Agreement filed in the U.S. District Court for the Southern District of Mississippi, the assessment of civil money penalty

8

entered by the director of the U.S. Financial Crimes Enforcement Network, the criminal information filed by the United States in the U.S. District Court for the Southern District of Mississippi and the Cease & Desist order issued by the Board of Governors of the Federal Reserve System, all on October 12, 2004.[2] From a review of these documents, it appears that they relate to the resolution of a claim by the Government that AmSouth Bank had failed to maintain or follow policies and procedures calculated to detect suspicious activities in the accounts of the bank, and to file required reports of such suspicious activities. These documents identify several instances in which the accounts of the bank apparently were used for fraudulent or otherwise illegal activities without detection or reporting by the bank. The activities of Barry Stokes and 1Point Solutions do not appear to be referenced in these documents.

     Defendant Regions/AmSouth concedes that it executed these documents where indicated, and it admits their authenticity. However, defendant objects to the requests for admission on grounds of relevance and materiality.

     Plaintiffs respond by adopting their argument with respect to Interrogatory No. 16 above, and say that these requests evidence "widespread negligence" on the part of the defendant and

---

[2] These four documents appear in the record as Docket Entry No. 99-1, 99-2, 99-3 and 99-4.

defendant's failure to comply with industry standards.  For the
reasons already stated in this memorandum, the Court has found that
to prevail plaintiffs must show that the defendant bank had "actual
knowledge" that Barry Stokes was breaching his fiduciary duty or
that the bank had "knowledge of such facts that its action . . .
amounts to bad faith," and that "[a]nything less is insufficient to
support liability."  (Docket Entry No. 135 at 10).  The Court has
further found that, in order to show bad faith, plaintiffs must
show that the circumstances surrounding Barry Stokes's transactions
"so clearly suggested a breach of fiduciary duty that Regions'
failure to investigate was a conscious effort to avoid knowledge of
Stokes' wrongdoing."  (Id. at 13).

      The documents that form the basis for plaintiffs' request
for admissions 1 through 50 are not based upon the activities of
Barry Stokes, nor do they contain any information reflecting the
bank's knowledge or lack of knowledge of Barry Stokes's account
activity.  Given the Court's finding that liability in this case is
governed by the provisions of the Uniform Fiduciaries Act, the
undersigned Magistrate Judge finds that the disputed requests for
admission are neither relevant nor reasonably calculated to lead to
the discovery of admissible evidence.  Therefore, plaintiffs'
motion to compel with respect to these requests should be **DENIED**.

## CONCLUSION

      For the reasons stated above, the undersigned Magistrate

10

Judge finds that plaintiffs' motion to compel (Docket Entry No. 120) should be **DENIED**.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge